UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN PAUL BARNES<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SACRAMENTO, SCOTT JONES, individually and DOES 1-20, individually, INCLUSIVE<br><br>Defendant. | No. 2:21-cv-00323-TLN-DB<br><br><br><br>**ORDER** |

This matter is before the Court on Defendants' County of Sacramento and Scott Jones ("Jones") (collectively, "Defendants") Motion for Summary Judgment. (ECF No. 16.) Plaintiff filed an opposition. (ECF No. 21.) Defendants filed a reply. (ECF No. 22.) For the reasons set forth below, the Court GRANTS Defendants' motion.

///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND[1]

On April 16, 2020, while in pre-trial detention at Sacramento County Jail, Plaintiff was involved in an altercation with fellow inmate Julian Randle ("Randle") in Plaintiff's cell. (ECF No. 16 at ¶¶ 4–5, 9–11.) At the time, both Plaintiff and Randle were classified as low-security and housed together in a low-medium security pod[2] ("Pod"). (*Id*. at ¶¶ 3–4, 6.)

Video footage of the Pod from April 16, 2020 shows Randle knocking on Plaintiff's cell door and then walking away. (*Id*. at ¶ 7.) A few minutes later, Plaintiff walks out of his cell and speaks with Randle outside of his cell. (*Id*. at ¶ 7–8.) Then, both Plaintiff and Randle walk into Plaintiff's cell. (*Id*. at ¶ 9.) While in Plaintiff's cell, Randle attacked Plaintiff. (ECF No. 1 at ¶ 24.) As a result of the attack, Plaintiff suffered a concussion, broken orbital bone, and lost tooth. (*Id*.)

Plaintiff filed the operative Complaint on February 25, 2021, alleging four causes of action against Defendants for the following violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983 ("§ 1983") and violations of state law: (1) Eighth and Fourteenth Amendment violations due to unlawful conditions of confinement against 20 Doe Defendants; (2) *Monell* liability against Sacramento County; (3) supervisory liability against Jones; and (4) negligence against twenty Doe Defendants. (*See* ECF No. 1.) On June 29, 2022, Defendants filed the instant motion for summary judgment. (ECF No. 16.)

///

---

[1] As an initial matter, Plaintiff failed to comply with Local Rule 206(b) in opposing Defendants' motion for summary judgement. Plaintiff did not reproduce Defendants' itemized facts, nor did Plaintiff admit or deny those facts. (*See* ECF No. 21.) Because Plaintiff did not comply with Rule 206(b), the Court deems Plaintiff to have admitted those facts not disputed by his Complaint or other submissions. *See, e.g., Beard v. Banks*, 548 U.S. 521, 527 (2006) ("by failing specifically to challenge the facts identified in the defendant's statement of undisputed facts, [plaintiff] is deemed to have admitted the validity of the facts contained in the [defendant's] statement."); *Brito v. Barr*, 2020 WL 4003824, at *6 (E.D. Cal. July 15, 2020) (deeming defendant's undisputed facts as admitted after plaintiff failed to comply with Local Rule 260(b)); *see also Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

[2] A pod is an independent housing section in a prison that houses a small number of incarcerated individuals. It will typically encompass multiple rooms, including a day room/dining area in the center and usually a shower or bathroom.

## II.     STANDARD OF LAW

Summary judgment is appropriate when the moving party demonstrates no genuine issue of any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id*. at 324 (internal quotation marks omitted). Indeed, summary judgment should be entered against a party who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, *i.e.*, a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, *i.e.*, the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. at 251–52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

trial." *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (citation omitted).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence of the opposing party is to be believed and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). To demonstrate a genuine issue that necessitates a trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587.

**III.    ANALYSIS**

Defendants move for summary judgment as to all of Plaintiff's claims. (*See* ECF No. 25.) Specifically, Defendants move for summary judgment as to Plaintiff's Claims One and Four against unknown defendants pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 16-1 at 4–5.) Defendants also move for summary judgment as to Plaintiff's *Monell* Claims, Claims Two and Three, arguing Plaintiff failed to establish liability under § 1983. (*Id.* at 8.) The Court will address Defendants' arguments in turn.

    A. <u>Claim One and Claim Four</u>

Defendants move for summary judgment as to Claims One and Four against twenty unnamed Doe Defendants, arguing Plaintiffs had "ample opportunity to conduct reasonable discovery, and identify these alleged defendants …" (ECF No. 16-1 at 5.)

///

///

The Ninth Circuit disfavors the use of unnamed defendants. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a defendant is not favored."). "However, situations arise, . . . where the identity of alleged defendants will not be known prior to filing a complaint." *Id*. "In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants. . ..". *Id*.

Plaintiff brings Claims One and Four against twenty unnamed Doe Defendants. (ECF No. 1 at 6–8.) While use of Doe Defendants was appropriate during the early stages of this litigation, discovery has now closed, and Plaintiff has yet to identify any of the twenty Doe Defendants. A case cannot proceed against a defendant who has neither been identified nor served. *See Bonderer v. Unknown*, No. 2:20-CV-2540-AC-P, 2022 WL 1104747, at *1 (E.D. Cal. Apr. 13, 2022), report and recommendation adopted, 2022 WL 2053187 (E.D. Cal. June 7, 2022). Moreover, Rule 4(m) provides that a court may dismiss a claim for failure to effect timely service after providing notice, absent a showing of good cause of the failure. *See* Fed. R. Civ. P. 4(m).

Plaintiff alleges, "this is the first time Defendants have even raised this issue, clearly cause exists, such that time to serve any Doe Defendants should be extended." (ECF No. 21 at 6.) However, it is not enough to merely assert good cause exists. Plaintiff offers no reasonable explanation as to why he has not yet identified the Doe Defendants despite having ample time to do so or how further delay would not prejudice Defendants, nor has Plaintiff identified how he would identify and serve the Doe Defendants if given additional time. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) ("In making extension decisions under Rule 4(m) a district court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.") (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir.1998)). Without this information, the Court cannot extend time for service. Accordingly, pursuant to Rule 4(m), the Court GRANTS Defendant's motion summary judgment as to Claims One and Four.

///

///

///

1              B.      Claim Two and Claim Three

2       Defendants move for summary judgment as to Claim Two, Plaintiff's *Monell* claim, and

3  Claim Three, Plaintiff's supervisory liability claim, arguing Plaintiff fails to establish any

4  evidence Plaintiff suffered a violation of any constitutional right.  (ECF No. 16-1 at 8, 10.)

5       To bring both a *Monell* claim and supervisor liability claim, a plaintiff must prove, as an

6  initial matter, he possessed a constitutional right of which he was deprived.  *Anderson v. Warner*,

7  451 F.3d 1063, 1070 (9th Cir. 2006) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir.

8  1992); *Lolli v. Country of Orange*, 351 F.3d 646, 653 (9th Cir. 2001.)

9       Here, Plaintiff asserts Defendants violated his Fourteenth Amendment[3] rights by failing to

10 properly classify and house Randle, a known violent individual.  (ECF No. 9–10.)  Under the

11 Fourteenth Amendment, the elements of a failure to protect claim are: "(1) the defendant made an

12 intentional decision with respect to the conditions under which the plaintiff was confined; (2)

13 those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant

14 did not take reasonable available measures to abate that risk, even though a reasonable officer in

15 the circumstances would have appreciated the high degree of risk involved—making the

16 consequences of the defendant's conduct obvious; and (4) by not taking such measures, the

17 defendant caused the plaintiff's injuries."  *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071

18 (9th Cir. 2016).

19      Defendants argue there is no evidence "any employee knew or should have known that

20 Randle posed a substantial risk of harm to inmates." (ECF No. 16-1 at 8.)  Specifically,

21 Defendants assert officers properly classified Randle as low security, and based upon this

22 classification, both Plaintiff and Randle were permitted to be housed together.  (ECF No. 16-1 at

23

---

24 [3]     The Court notes Plaintiff asserts that Defendants violated both his Eighth and Fourteenth
   Amendment rights based upon the unconstitutional conditions of confinement Defendants
25 subjected him to while in pre-trial detention.  (ECF No. 21 at 7–10.) Because Plaintiff's claims
   arose while he was in pre-trial detention, Plaintiff may only assert his claims under the Fourteenth
26 Amendment Due Process Clause.  *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067–8 (9th
   Cir. 2016).  Accordingly, the Court will only consider Plaintiff's claims for unconstitutional
27 conditions of confinement under the Fourteenth Amendment.
28

6

2, 8.)  Plaintiff disagrees and contends officers should have classified Randle at a higher security level because Randle had three assaultive felonies charges and five previous documented altercations with officers and other incarcerated individuals.  (ECF No. 21 at 12, 14.)  For this reason, Plaintiff argues there is a genuine dispute of material fact as to whether Defendants placed Plaintiff at a substantial risk of harm by misclassifying Randle as low security.  (ECF No. 21 at 9–10.)

However, Plaintiff fails to establish how these issues with Randle's classification are material to whether Defendants placed Plaintiff at a substantial risk of harm by housing Plaintiff and Randle in the same Pod.  In determining whether summary judgment is appropriate, a Court cannot draw inferences for the opposing party out of thin air.  *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).  In the instant case, Plaintiff asserts Randle's pending charges and previous interactions with officers establishes that officers were aware of Randle's propensity for violence and should have classified Randle at a higher security level to protect Plaintiff and others in their Pod.  (ECF No. 21 at 9.)  However, Plaintiff offers no evidence as to what Randle's security classification should have been.  Plaintiff also provides no evidence to establish that with a higher security classification Randle would have been housed in a separate pod from Plaintiff.  Afterall, the Pod where Plaintiff and Randle lived was for incarcerated individuals with both low and medium security classifications.  (ECF No. 16-2 at ¶ 6.)  Without this evidence, the Court cannot determine whether Defendants placed Plaintiff at a substantial risk of harm by not classifying Randle at a higher security level.  Inmate housing assignments are basic security decisions best left to the sound discretion of prison authorities. *See Lewis v. Casey*, 518 U.S. 343, 391 (1996) ("Prisons are inherently dangerous institutions, and decisions concerning safety, order, and discipline must be, and always have been, left to the sound discretion of prison administrators.").  Accordingly, Plaintiff's unsubstantiated assertions regarding Randle's security classification are insufficient to give rise to an inference Defendants violated Plaintiff's Fourteenth Amendment rights.  *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987) (holding a district court cannot draw inferences for the opposing party out of thin air when determining

whether summary judgment is appropriate).

Because the Court finds there is no evidence to establish a triable issue of material fact as to whether Defendants violated Plaintiff's Fourteenth Amendment rights, the Court GRANTS Defendant's motion for summary judgment as to Claim Two and Claim Three.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion for Summary Judgment. (ECF No. 16.) The Clerk of Court is directed to enter judgment in Defendant's favor and close the case.

IT IS SO ORDERED.

Date: August 10, 2023

_____
Troy L. Nunley
United States District Judge